UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:15-cv-14-HRW

SEAN KELLER,                                                                                    PLAINTIFF,

V.                          **MAGISTRATE JUDGE'S REPORT
                            AND RECOMMENDATION**

ROBERT W. WIKE, Individually and
in his official capacity as a corrections
officer with Little Sandy Correctional
Complex,                                                                                        DEFENDANT.

I. INTRODUCTION

Sean Keller (Keller), a prisoner housed at Little Sandy Correctional Complex (LSCC), has

filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Robert W. Wike (Wike), both

individually and in Wike's official capacity as a corrections officer while employed at LSCC.

Specifically, Keller alleges that Wike sexually harassed, assaulted, battered, and falsely imprisoned

Keller while Keller was incarcerated at LSCC. [R. 1]. Keller claims that Wike's conduct was a

violation of his Fourth, Fifth, and Fourteenth Amendment rights. [Id. at 2]. In his complaint, Keller

seeks compensatory and punitive damages for his emotional stress, anxiety, humiliation, and pain

and suffering. [R. 1 at 12].

This matter has been referred to the undersigned for screening pursuant to 28 U.S.C. §

1915A. [R. 9]. The Court must conduct a preliminary review of Keller's complaint because he

asserts claims against a government agency. 28 U.S.C. §§ 1915(e)(2), 1915A.  A district court must

dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. McGore v.

Wrigglesworth, 114 F.3d 601, 607-08 (6th Cir. 1997). At this stage, the Court accepts Keller's factual allegations as true and determines whether they state a plausible claim fo relief. Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009). Upon review, the undersigned recommends that the allegations in Keller's Complaint relating to any monetary claims for relief against Wike in his official capacity warrant dismissal; however, the allegations in Keller's Complaint against Wike acting in his individual capacity, or those seeking declaratory relief in his official capacity, do not warrant dismissal.

## II.  FACTUAL & PROCEDURAL BACKGROUND

Keller's complaint stems from a series of alleged interactions that he had as an inmate at Little Sandy Correctional Complex, where Wike worked as a corrections officer. Specifically, Keller alleges that on March 1, 2014, Wike forced oral sex upon Keller while "strip searching" Keller in a restroom. [R. 1 at 3]. On March 7, 2014, Wike began giving Keller sexually provocative notes and threatening Keller by explaining that Wike would act to keep Keller from graduating from his substance abuse program. [Id.]. Keller also alleges that Wike again forced oral sex upon Keller, made Keller touch his genitals, and made lewd sexual comments to Keller while visiting Keller's cell. [Id. at 4]. Later in March, Keller alleges that Wike gave him smokeless tobacco, an action that was later investigated by LSCC's Internal Affairs office. [Id. at 4].

In April 2014, Keller learned that Wike had been arrested for sexual abuse.[1] [Id. at 5]. After Wike was released from jail, Keller alleges that Wike's former co-workers harassed Keller, placing him in "segregation" for ninety (90) days. [Id.]. Ultimately, Keller was transferred to the Eastern

---

[1] In Wike's Answer to Keller's Complaint, Wike counters that, although he was "charged by the Kentucky State Police of sexual abuse, [. . .] in Elliott District Court (14-M-0024), [Wike] was actually convicted of official misconduct in the first degree on September 18, 2014 and received a conditionally discharged sentence." [R. 8 at 2].

Kentucky Correctional Complex (EKCC), at which he learned that his grievances against Wike had been "substantiated." [Id.]. On December 22, 2014, Keller was informed that his grievances were dismissed as "moot" by Sarah Potter, a Grievance Coordinator at LSCC, because Keller had been transferred away from LSCC and into EKCC. [Id. at 5-6].

## III.  ANALYSIS

A.     Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act of 1995 (PLRA), Congress amended 42 U.S.C. § 1997e to make exhaustion of administrative remedies mandatory for prisoners. The statute now reads as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Therefore, a prisoner must first exhaust the available administrative remedies prior to bringing a prison conditions action in a district court. 42 U.S.C. § 1997e(a).  Shortly after the effective date of the statute, April 26, 1996, the Sixth Circuit Court of Appeals held that the language of Section 1997e expressly requires the exhaustion of administrative remedies before bringing a civil action or appeal. Wright v. Morris, 111 F.3d 414 (6th Cir. 1997), *cert. denied*, 552 U.S. 906 (1997).  Subsequently, the United States Supreme Court confirmed this meaning of the statute. Booth v. Churner, 532 U.S. 731, 741 (2001). In Porter v. Nussle, 534 U.S. 516, 525 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life.  Furthermore, the Supreme Court held in Woodford v. Ngo, 548 U.S. 81 (2006), that the PLRA requires not only exhaustion of the available administrative remedy process, but *proper* exhaustion of that administrative remedy process, which includes meeting deadlines and other

3

critical procedures. Id. at 93. Also, in Woodford, the Supreme Court discussed the purposes of exhaustion as stated in its earlier opinions and stressed that the benefits of exhaustion "can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have an opportunity unless the grievant complies with the system's critical procedural rules." Id. at 95. However, the Supreme Court later clarified in Jones v. Bock, 549 U.S. 199 (2007), that proof of exhaustion need not appear in the plaintiff's complaint; rather, exhaustion is an affirmative defense. Accordingly, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Id. at 216.

Keller has provided the court with a brief history of his grievances in his Complaint, including the manner in which those grievances were dismissed as "moot." [See generally R. 1 at 3-6]. The Court must assume at this juncture that Keller has exhausted his administrative remedies prior to filing this action. See Jones, 549 U.S. at 216. To the extent that exhaustion of administrative remedies may be an issue, that determination will be made if and when the issue is fully briefed. Id. At this point, Keller's Complaint will not be dismissed for failure to exhaust administrative remedies.

B.   Wike, acting in his official capacity as a corrections officer at LSCC, is not subject to suit for monetary relief under 42 U.S.C. § 1983.

Keller's claims for money damages against Wike in his official capacity are incognizable. In this case, Keller attempts to bring suit against Wike for alleged constitutional violations in his capacity as a corrections officer employed by LSCC and seeks to recover monetary damages under § 1983. It is well settled that state officials sued in their official capacities for money damages are not "persons" subject to suit under 28 U.S.C. § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in

4

his or her official capacity *is not a suit against the official but rather is a suit against the official's office*.") (citing <u>Brandon v. Holt</u>, 469 U.S. 464, 471 (1985) (emphasis added)); <u>Matthews v. Jones</u>, 35 F.3d 1046, 1049 (6th Cir. 1984).  Accordingly, Wike, employed by LSCC as a corrections officer during the events alleged, is not subject to suit for money damages under 28 U.S.C. § 1983.

For the above reasons, the undersigned therefore recommends that the § 1983 claims for monetary relief against Wike in his official capacity be dismissed.

C. <u>Keller's claims for monetary relief against Wike in his individual capacity,
his claims for declaratory relief against Wike in his official capacity,
and his pendent state law claims do not warrant dismissal.</u>

To the extent that Keller, under § 1983, seeks declaratory relief against Wike in his official capacity, his claims do not warrant dismissal at this time. <u>See Will</u>, 491 U.S. at 71 n.10 (quoting <u>Kentucky v. Graham</u>, 473 U.S.159, 167 (1985)). Further, Keller's claims for monetary relief against Wike in his individual capacity, in addition to any pendent state law claims, may also proceed.

In order to survive § 1915A review, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. <u>Hill v. Lappin</u>, 630 F.3d 468, 470-71 (2010) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)). Moreover, the complaint cannot be frivolous, which is reviewed under a wholly separate standard than that for failure to state a claim. <u>Id.</u> at 471; <u>see Neitzke v. Williams</u>, 490 U.S. 319, 328-31 (1989). A frivolous complaint is one that contains "fantastic or delusional" factual allegations, <u>id.</u> at 328, and the Court is not required to accept them as true. <u>Hill</u>, 630 F.3d at 471.

Here, Keller's Complaint is organized and element-driven. Upon a full review, Keller's allegations appear neither implausible nor frivolous. The allegations contained in his six counts, though harsh, are not malicious in tone, especially given that Keller's factual portrayal must be

accepted as true at this early screening stage. <u>Hill</u>, 630 F.3d at 471. Accordingly, Keller's claims for monetary relief against Wike in his individual capacity, as well as his claims for declaratory relief under § 1983 against Wike in his official capacity, do not warrant dismissal under § 1915A and may proceed.

<u>IV. CONCLUSION</u>

For the reasons stated above, IT IS RECOMMENDED that the allegations in Keller's Complaint [R. 1] relating to any MONETARY CLAIMS against Wike in his OFFICIAL CAPACITY should be DISMISSED, but ALL CLAIMS in the Complaint against Wike in his INDIVIDUAL CAPACITY, or those claims seeking DECLARATORY RELIEF under § 1983 against Wike in his OFFICIAL CAPACITY, may PROCEED.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. <u>United States v. Campbell</u>, 261 F.3d 628, 632 (6th Cir. 2001); <u>Bituminous Cas. Corp. v. Combs Contracting Inc.</u>, 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004); <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed October 23, 2015.



Signed By:

*Edward B. Atkins*

United States Magistrate Judge